BAILEY *v.* CITIES CONSTRUCTION CO.

[No. 16,374.   Filed May 23, 1939.]

*Whitaker & Powell* and *Harry J. McMillan,* for appellant.

*William E. Hart* and *White, Wright & Boleman,* for appellee.

DUDINE, J.—This is an appeal from an award denying appellant compensation upon her application as a "dependent" (mother) of Virgil O. Skaggs.

The Industrial Board found that Virgil O. Skaggs was in the employ of appellee on February 5, 1938, and that he died on that date but that appellant was not dependent upon him for support and that his death "was not due to any accidental injury arising out of and in the course of . . . (said) employment . . ."

The error assigned upon appeal is that the award is contrary to law. Appellant contends the evidence shows conclusively that decedent's death resulted from an accident which arose out of and in the course of said employment and that the evidence shows conclusively that appellant was wholly dependent upon decedent for support.

If either of said contentions is not tenable, the award must be affirmed.

We have read the evidence and find that there is some evidence tending to show that decedent, while operating an empty wheelbarrow in the course of his employment, fell, and that he died soon thereafter but there is little or no evidence showing *that the fall caused his death*. On the contrary there is evidence of two doctors who performed an autopsy upon decedent's body soon after his death, to the effect that his death was caused by "chronic endocarditis," meaning that "over a long period this man . . . had infection in his heart and heart valves" or heart disease.

It is apparent that the evidence as to the fact whether or not decedent's death resulted from an accident (assuming there was one), which arose out of and in the course of his employment, is conflicting and there is some evidence in the record which sustains the finding of the Industrial Board as to such fact. That being true, the award would not be subject to reversal if the

evidence *did* show conclusively that appellant was a "dependent" of the decedent. No good purpose would be served in discussing said question of dependency.

The award is affirmed.